**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**DONNA DUNCAN BROOKS**                                        **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 2:04cv386 KS-MTP**

**LAWRENCE KELLY**                                            **DEFENDANT**


**ORDER ACCEPTING IN PART AND REJECTING
IN PART MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS AND GRANTING WRIT OF HABEAS CORPUS**


      This cause is before the Court on Petition of Donna Duncan Brooks ("Brooks") filed

pursuant to 28 U.S.C. 2254 [1], response thereto by defendants [14],  Report and

Recommendation submitted by United States Magistrate Judge Michael T. Parker [16], and

Objections thereto filed by Brooks [19], and the Court considering same and the applicable

statutory and case law and being fully advised in the premises, finds that the Report and

Recommendation of the Magistrate Judge should be accepted in part and rejected in part and a

Writ of Habeas Corpus granted for the reasons hereinafter stated.

PROCEDURAL HISTORY

      On May 13, 2002, following a jury trial, petitioner was convicted of unlawful sale of

oxycodone within 1,500 feet of a church (Count One) and unlawful sale of hydromorphone

within 1,500 feet of a church (Count Two) in the Circuit Court of Walthall County, Mississippi.

Petitioner was thereafter sentenced to concurrent terms of sixty (60) years for each count, thirty

1

(30) years to serve[1] and thirty (30) years suspended for post-release supervision, with five (5) years on a reporting basis and the last twenty-five years on a non-reporting basis.  *See* Supreme Court Record ("SCR") vol. 1, pp. 69-70.

Following denial of her motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, petitioner appealed her judgment of conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by petitioner): "Whether the trial court erred in failing to grant the defendant's motion for a judgment notwithstanding the verdict."  The basis for this claim was that there was insufficient evidence to support the conviction.  *See* SCR, "Briefs and Other Pleadings" vol. P.  On November 4, 2003, the Mississippi Court of Appeals[2] affirmed petitioner's judgment of conviction and sentence, but, finding plain error,  remanded the case to the trial court to correct the portion of the sentencing order that provided for thirty (30) years of supervised probation to reflect a period of supervised probation not to exceed five (5) years.  *Brooks v. State*, 858 So. 2d 930 (2003).  On November 13, 2003, the trial court entered an Amended Sentencing Order to specifically address the fact that the "maximum amount of time that the Mississippi Department of Corrections may supervise Donna Duncan Brooks on the post release supervision program portion of her sentence is five (5) years."  *See* Exhibit B to Answer.

On November 18, 2004, petitioner, through counsel, filed an application with the

---

[1] The statutory sentence is one to thirty years. Sentence is doubled under certain circumstances which are applicable to this case.

[2] Under Mississippi statute, the Supreme Court may assign any appeal to the Court of Appeals, except with certain exceptions not applicable here.  *See* Miss. Code Ann. § 9-4-3. Decisions of the Court of Appeals are final and not reviewable by the Supreme Court except on a writ of certiorari, the granting of which is discretionary.  *Id.*

Mississippi Supreme Court for leave to file with the trial court a motion for post-conviction

relief, raising the following six grounds for ineffective assistance of counsel:

> 1) failure to object to "other crimes evidence";
>
> 2) failure to object to the admissibility of an audiotape;
>
> 3) failure to object to commentary on the audiotape;
>
> 4) failure to present an entrapment defense;
>
> 5) failure to assign error on appeal of the sentence; and
>
> 6) failure to assign error on appeal to the trial court's denial of jury instructions regarding reputation and character.

*See* SCR, "Miscellaneous Pleadings."   On January 28, 2005, the Mississippi Supreme Court

denied petitioner's application on the grounds that she had failed to demonstrate that counsel's

performance was deficient as required by *Strickland v. Washington*, 466 U.S. 668 (1984).   *See*

Exhibit C to Answer.

Petitioner, through counsel, filed her petition for a writ of habeas corpus [1] (the

"Petition") on November 24, 2004, raising the following grounds (as stated by petitioner):

> Ground I:  Denial of effective assistance of counsel - Counsel failed to object to impermissible other crimes evidence offered by Agent Billy Warner and cooperating informant and State witness Kenneth Goldman;
>
> Ground II: Denial of effective assistance of counsel - Counsel failed to object to the admissibility of the audiotape;
>
> Ground III: Denial of effective assistance of counsel - Counsel failed to object to commentary on the audiotape, and failed to cross-examine the narrating witness;
>
> Ground IV:  Denial of effective assistance of counsel - Counsel railed to raise affirmative defense of entrapment;

Ground V: Denial of effective assistance of counsel - Counsel failed to raise excessive sentence on appeal;

Ground VI: Denial of effective assistance of counsel - Counsel failed to object to denial of jury instructions;

Ground VII: Insufficiency of evidence - The State of Mississippi failed to prove an element of the offense, namely that the transaction took place in Mississippi and within 1500 feet of a church.

Petition at 5-6.

## STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## PETITIONER'S OBJECTIONS AND ANALYSIS

Ground VII:

In her objections to the Report and Recommendation, Brooks addresses Ground VII - Insufficiency of the Evidence- first. Her position is that there was insufficient evidence to

4

convict her of the crime charged.   In his Report and Recommendation Magistrate Judge Parker finds that this ground is procedurally barred as a result of the Petitioner not pursuing a writ of certiorari to the Mississippi Supreme Court.   Miss.R App.P. 40 allows 14 days from the Court of Appeals decision to file a motion for rehearing.  Miss.R.App.P. 17(b) allows 14 days for filing a petition for writ of certiorari after rehearing by the Mississippi Court of Appeals is denied. Brooks did neither and therefore the ruling of the Mississippi Court of Appeals affirming her conviction became final.

The insufficiency of the evidence ground is essentially the same ground she urged on her direct appeal - "Whether the trial court erred in failing to grant the defendant's motion for a judgment notwithstanding the verdict."

This Court finds that the law is well settled that her time for exhausting this claim has passed and Brooks is barred from further pursuit in state court.  Therefore, Ground VII is procedurally barred and may be considered on the merits by a federal court only under two narrow exceptions which do not apply here.

Brooks also alleges that the failure to pursue this claim in the Mississippi Supreme Court was the result of the failure of her attorney.  She asked this Court to also consider this as further evidence of ineffective assistance of counsel. The performance of the attorney will be discussed *infra* but, notwithstanding same, this Court finds that Ground VII lacks merit and the Court affirms and adopts the opinion of Judge Parker presented in his Report and Recommendation regarding same.

Grounds I-VI:

Grounds I - VI allege that Brooks received ineffective assistance of counsel at trial and on

appeal.  Each of the six claims alleges a different basis for the ineffective assistance of counsel claim.  Those were ruled on by the Mississippi Supreme Court when it made its ruling on Brooks' request to seek post-conviction relief on the ground of ineffective assistance of counsel.  This request was denied by the Mississippi Supreme Court on th 20th day of January, 2005, (Case No. 2004-M-02298).  As a result of this denial, Brooks' ineffective assistance of counsel claims have been exhausted in the state court system and are proper for habeas review by this Court.

STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

In 1984, the United States Supreme Court rendered the seminal decision of *Strickland v. Washington*, 466 U.S. 668 (1984).  Since that time this precedent has established the standard for ineffective assistance of counsel claims.  According to *Strickland*, a petitioner must show:

1.   Counsel's performance was deficient and

2.   That the deficient performance prejudiced the defense.

In order to establish the deficiency, a petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment."  *Id.* at page 687.  *Strickland* further states that a court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  See also *Moawad v. Anderson,* 143 F.3d at 942, 946 (5th Cir. 1998)   (Observing that the Fifth Circuit "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable judgment") (Internal quotations and citations omitted).

Reviewing courts must look through the lens of hindsight and evaluate counsel's performance from the perspective of the heat of a trial or pressure of an appeal.   The petitioner

must not simply allege, but must affirmatively prove prejudice and that there is a reasonable probability that but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Motley v. Collins*, 18 F.3d, 1223, 1226 (5th Cir. 1994) (Citing *Strickland*, 466 U.S. at 689)

To satisfy the prejudice prong of *Strickland*, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Motley* at 1226 citing *Strickland* 466 U.S. Ct. 687-88.. Additionally, petitioner must establish that "the results of the proceedings were fundamentally unfair and unreliable." *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995)

Brooks' Constitutional claim for ineffective assistance has six specific grounds addressed as follows.

> GROUND I -  Counsel failed to object to impermissible other crimes evidence offered by Agent Billy Warner and cooperating informant and State witness Kenneth Goldman.

This is the testimony which can be considered character evidence and is covered by FRE 404(b). Ground VI addresses a denied jury instruction that deals with reputation or character. Grounds I and VI will be addressed together.

GROUND VI - Counsel failed to object to denial of jury instructions.

The two statements by witnesses complained of by Brooks are as follows:

1.      QUESTION BY ASSISTANT DISTRICT ATTORNEY TIDWELL:

If you would, tell me how that came about.

ANSWER BY AGENT BILLY RAY WARNER:

7

It was at our office in McComb.  Agent Bright called me and
informed me that he had been in contact with an informant that had
a transaction set up with Ms. Brooks.  Agent Bright and myself had
been getting information on Ms. Brooks for several months about
her involvement with selling pharmaceutical narcotics.

Next was the response to questioning by Assistant District Attorney Tidwell of Brian

Spears, a confidential informant who had set up the drug buy from  Brooks to lessen his charges.

He had allegedly bought narcotics from Brooks and sold to another undercover agent earlier that

day.

2.    QUESTION:  And when did you become involved with the agents that day?

ANSWER:    We went and got some pills, well, he, Brian Spears, went
and got some pills from Jonathan Smith.  Jonathan Smith
wore a wire on him.  I happened to be riding with him and
got the conspiracy charge.  We went to her house to get the
pills that he sold him.

QUESTION:  Did this happen on the same day?

ANSWER:    June 18.

QUESTION:  Alright, how did you get involved that afternoon of meeting
her with an agent?  Who did you call to tell?

ANSWER:    Brandon Bright.

QUESTION:  Okay, and what did he tell you to do?

ANSWER:    He came and got me.

QUESTION:  He came and got you?  And where did y'all go?

ANSWER:    To a church.[3]  Well, we went at first and he wired me and

---

[3] The location for the narcotics transaction was set by the State agents. It happened to be
within fifteen hundred feet of a church which, as a result of the enhancement statute (MCA 41-
29-131), the sentence was subject to be doubled.  No complaint is made by petitioner about the
location, which subjected her for enhancement of the sentence to sixty years.  She did question

> Chad McElvin met us and I rode with him to the church.
>
> QUESTION:   Okay.  And where was the place that y'all met at?
>
> ANSWER:     The church, right across the street from the church.

SCR 65 - 66.

"Other crimes" evidence is generally inadmissible against an accused.  *See*:  Miss.R.Evid. 404(b) (Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.)   "Such evidence may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *Id.*

 The Mississippi courts have elaborated on the exceptions to 404(b), holding that evidence of prior offenses is admissible, for example, where the offense charged and that offered are so interrelated as to constitute a single transaction or occurrence or a closely related series or related series of transactions or occurrences.  *Flowers v. State*, 773 So. 2d 309, 319.

The courts have also held that "[w]here substantially necessary to present to the jury 'the complete story of a crime,' evidence or testimony may be given though it may reveal or suggest other crimes."  *Jones v. State*, 920 So.2d 465, 474 (Miss. 2006) The statements complained of were made without objection by Brooks' attorney.  In Judge Parker's Report and Recommendation, he stated that the statements were not offered to prove her character, but rather to show a complete picture of how and why the crime and the prosecution came about.  He further opined that there is no reason to believe that had petitioner's attorney objected to this testimony, his objection would have been sustained.   Judge Parker's reasoning may very well be

---

the issue factually at trial and the jury found against her.

9

correct, but the testimony is obviously damaging to Brooks.  Two separate witnesses gave testimony that could easily be interpreted by the jury that Brooks was a substantial pharmaceutical drug dealer.  Brooks was convicted of a single discrete event and testimony of her previous and multiple drug dealings were not necessary and should have been at least objected to by her attorney.

Assuming that Judge Parker in his recommendation is correct, at the very least this evidence is included as character evidence under 404(b).  If character evidence is presented, then the defendant is entitled to a jury instruction limiting the jury's use of said evidence.

In *Givens v. State*, 730 So.2d 81 (Miss.App. 1998) the court found that the testimony of prior bad acts should be admitted in order to explain the circumstances.  However, the court went on to state that if evidence of other bad acts is admitted, then the court is <u>required</u> to give a limiting instruction when requested.  Admittedly, the limiting instruction submitted by defense counsel is a generic instruction referring to character evidence.  Also, the trial judge in his handwritten notes on instruction G-4 states "there hasn't been any evidence of D's reputation or character - signed MS."

The judge was incorrect in his conclusion and further was incorrect in refusing  the instruction.  The jury should have been given some instruction as to the proper use of the statements made by Warner and Goldman.  The judge had a duty to insure that the jury was properly instructed and when a character instruction was properly submitted it should have been "approved" by the judge and given by the Court.

This Court finds that petitioner's attorney was deficient in failing to object to the statements complained of and even if counsel's failure to object was not unreasonable, he was

10

certainly deficient in his performance on appeal when he failed to appeal the issue of the refusal of the character instruction.  Additionally, this Court cannot state that this deficient performance did not prejudice the defense, and this Court finds that this error was serious enough to find that there has been a Sixth Amendment violation rising to the level described in *Strickland.*

Additionally, counsel did not raise the issue of "thirty years post release supervision," a clear error noted and addressed *sua sponte* by the Court of Appeals. This will be discussed *infra.*

GROUND II - Counsel failed to object to the admissibility of the audiotape.

The audiotape of a drug sale is obviously relevant evidence.  However, the tape must be properly identified and the chain of custody established.  Petitioner asserts that the tape should not have been admitted because it was not properly authenticated prior to its introduction and because it did not audibly depict a substantial portion of the alleged sale.  The Magistrate's Report and Recommendation finds that the tape is relevant and had sufficient worth to be admitted and counsel's not objecting to the admission of the tape did not rise to the level of ineffective assistance.  This Court concurs with the findings of the Judge Parker on this ground.

GROUND III - That counsel failed to object to commentary on the audiotape, and failed to cross-examine the narrating witness.

The tape was apparently largely inaudible and Agent Warner narrated to the jury the tape as it was being played.  His explanation was that he heard the transaction over a transmitter and was familiar with what the tape said.  This Court finds that Judge Parker's reasoning is correct on this particular issue and finds that this objection is not well taken, and this Court adopts Judge Parker's finding on Ground Three.

GROUND IV - Counsel failed to raise affirmative defense of entrapment.

11

The record is replete with evidence establishing that defendant had a predisposition to engage in drug dealing.  While entrapment may have been the only viable defense in light of the apparent voluntariness of defendant's drug sale, this Court finds that the petitioner's attorney was not ineffective for failing to pursue the affirmative defense of entrapment.  This Court adopts Judge Parker's reasoning and finds that this ground for objection is not well-taken.

GROUND V - Counsel failed to raise excessive sentence on appeal.

In her objection petitioner asserts that there is a reasonable probability that the appellate court would have remanded her case to the trial court for reconsideration based on the excessiveness of her sentence.  Following the two and one-half hour trial and 15 minute jury deliberation, the defendant was convicted on two counts of sale of a controlled substance.  She sold three K-4[4] and two OxyContins.  These were sold for $140.00.[5]

At sentencing the state court had the benefit of the Presentence Investigation (SCR Vol. 1, page 60).  The Presentence Report indicates that petitioner has no prior criminal convictions but has three pending charges in Franklinton, Louisiana.  The Report also indicates that she has no prior arrests.  (SCR Vol. 1, page 64) The Report also indicates that she has been on disability since 1995 because of a heart condition and that she has cancer and emphysema and takes a large amount of medications because of her illnesses.  The report also gives a history of drug abuse, including her prescription medications.  Agent Billy Ray Warner and Agent Brandon Bright both stated in writing that they had evidence of her prior drug dealing and selling prescription drugs.

---

[4]Street name for dilaudid.

[5]The CI, Kevin Golman, said that he gave petitioner two $100.00 bills which included $55.00 that was owed to her by Brian Spears and that petitioner gave him back the five pills wrapped up in a $5.00 bill.   The net amount paid for the five pills was $140.00.  (SCR 66, 67)

There were also some statements made in allocution by Brooks and her father.

With this before the court the judge sentenced her to sixty years imprisonment on each count to run concurrently and suspended the last thirty years for post-release supervision.  Her sentence was based on a sentencing range for each count of sale of controlled substances of zero to thirty years, with the sentence enhanced or potentially doubled because the sale took place within 1500 feet of a church.  The total possible sentence if defendant had received the maximum and the two counts were served consecutively would have been 120 years.  The judge did allow her to serve them concurrently, making the sentence only 60 years and suspended 30 years of that.  The 30 years of post-release supervision is similar to probation.[6]

The length of the sentence was not raised in post-trial motions or on appeal. Mississippi law provides that sentencing is generally within the sound discretion of the trial judge and the trial judge's decision will not be disturbed on appeal if the sentence is within the term provided by statute. It is unquestioned that the statutory scheme in Mississippi allows a sentence for Brooks of sixty years (thirty years for the sale and doubled because of the proximity to the church under § 41-29-131(b)(1)). "However, a sentence that is 'grossly disproportionate' to the crime committed is subject to attack on Eighth Amendment grounds. *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992)."  Mississippi courts evaluate the proportionality of a sentence as follows:

1.    The gravity of the offense and the harshness of the penalty;

2.    Comparison of the sentence with sentences imposed on other criminals in the

---

[6]The Mississippi Court of Appeals noticed plain error and sent this case back for resentencing.  The maximum that anyone can remain on post-release supervision is five years. Brooks was subsequently resentenced and the first five years of her 30 years of suspension was served on post-release supervision.

same jurisdiction; and

3.      Comparison of sentences in other jurisdictions for commission of the same crime
        with the sentence imposed in this case. *Solem v. Helm*, 463 U.S. 277, 292, 103 S.
        Ct. 3001, 77 L. Ed. 2d 637 (1983).

The question for this Court to decide is whether or not counsel was deficient to the extent
required by *Strickland* for not pursuing an Eighth Amendment claim for the sentence that was
meted out to Brooks. In the case of *Davis v. State*, 724 So. 2d 342 (Miss. 1998) a twenty-five
year old single mother was sentenced to sixty years for the sale of two small rocks of crack
cocaine within seven hundred feet of a church building.  The offense for Ms. Davis was not her
first offense. Brooks, like Davis, is a single mother in her early thirties and received, what is in
effect, a life sentence for her first criminal conviction.[7]

The Mississippi Supreme Court addressed the issues of proportionality and judicial
discretion and, in the process, provided this Court with the records on sixteen appeals of
convictions involving sale of cocaine[8] under enhancement statutes.   *White v. State*, 742 So. 2d
1126 (Miss. 1999). Ten of the sixteen sentences required mandatory sentences and cannot be
used for comparison herein. Only one of the remaining six sentences was for sixty years. *White* at
1138.  Whether the appeal of the sentence in Brooks' case should have been addressed on the
issue of proportionality or abuse of discretion or both, it should have been addressed by counsel.

Also, it should be noted that the sentencing judge required thirty years of post release

---

[7] The last thirty years of Brooks sentence was suspended for five years post release
supervision.  Irrespective, it is nevertheless a sixty year sentence and if Brooks violates her
supervised release will serve the balance of her sixty year sentence.

[8] The statutory penalty for sale of cocaine is the same as for sale of prescription drugs.

14

supervision in passing the sentence, and this was twenty-five years in <u>excess of the statutory</u> <u>maximum</u>.  This plain error was fortunately addressed by the Mississippi Court of Appeals, but it was completely overlooked by appellate counsel.

The sentencing phase of a criminal case is a critical stage of the proceeding and is tremendously important to the defendant. When an error or a Constitutional violation occurs in the sentencing phase, it should be urged to an appellate court. This was not done, and this Court finds that counsel did not rise to the level mandated by the Sixth Amendment and as required by *Strickland v. Washington*.

<u>CONCLUSION</u>

The errors of  counsel require the extreme remedy of granting the writ of habeas corpus in this case. The State of Mississippi is ordered to retry the above styled case within 120 days or release the defendant from custody.

SO ORDERED this, the 20th day of March, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE